The **BRAKE SHOP, INC.**, the Brake Shop Land Company, Inc., and Michael J. Palazzolo, Plaintiffs,

v.

John A. **DACEY**, Jr., Daniel H. Dacey, Brake World, Inc., and Brake World U.S.A., Inc., jointly and severally, Defendants.

Civ. A. No. 92–70470.

United States District Court, E.D. Michigan, S.D.

July 7, 1992.

sively in Michigan. Defendant Brake World is a California corporation operating exclusively in California; defendant Brake World U.S.A. is a Florida corporation operating exclusively in Florida. In addition to the two corporate defendants, plaintiffs have named two individual defendants, John A. Dacey, Jr. and Daniel H. Dacey.

The gravamen of plaintiffs' complaint against the two corporate defendants is that they wrongfully duplicated the corporate plaintiff's franchise operation. Complaint at 6–7. Plaintiffs further allege that "[a]ll of the wrongful duplication by [the corporate defendants] occurred in the State of Michigan." Plaintiffs' resp. at iv.

Stephen M. Landau, Southfield, Mich., for plaintiffs.

William Kiriazis, Detroit, Mich., Anthony J. Caputo, San Diego, Cal., for defendants.

### ORDER GRANTING DEFENDANTS BRAKE WORLD AND BRAKE WORLD U.S.A.'S MOTION TO DISMISS

GADOLA, District Judge.

■ Defendants Brake World, Inc. and Brake World U.S.A., Inc. filed a motion for summary judgment April 20, 1992. Plaintiffs filed a response June 15, 1992; and defendants filed a reply June 22, 1992. Pursuant to LR 7.1(e)(2) (Jan. 1, 1992), no oral argument was heard.

Although all of the parties refer to the instant motion as a motion for summary judgment, it is actually a motion to dismiss, as it concerns the issue of personal jurisdiction. Because the defendants did cite Rule 12(b)(2) of the Federal Rules of Civil Procedure, the court will treat the motion as a motion to dismiss.

### BACKGROUND FACTS

Plaintiff The Brake Shop, Inc. and defendants Brake World, Inc. and Brake World U.S.A., Inc. are all franchise businesses involved in the repair and replacement of brakes. Plaintiff The Brake Shop is a Michigan corporation that operates exclu-

### APPLICABLE LAW

■ It is plaintiffs' burden to establish the existence of personal jurisdiction over defendants. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir.1980). A court must interpret the pleadings and affidavits in the light most favorable to plaintiffs. *Id.*

Michigan's corporate general personal jurisdiction statute, Mich.Comp.Laws Ann. § 600.711, reads in relevant part:

The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation:

\* \* \* \* \* \*

(3) The carrying on of a continuous and systematic part of its general business within the state.

Michigan's corporate limited personal jurisdiction statute, Mich.Comp.Laws Ann. § 600.715, reads in relevant part:

The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of

the act or acts which create any of the following relationships:

(1) The transaction of any business within the state.

(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

\* \* \* \* \* \*

(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

## ANALYSIS

■ The basis for any challenge to personal jurisdiction must begin with an examination of the state's long-arm statutes. Plaintiffs contend that the court does have general personal jurisdiction over the corporate defendants because

[a]t the time the cause of action arose, John Dacey and Daniel Dacey, acting as Brake World and Brake World U.S.A.'s promoters, employees, officers and shareholders, actively conducted business in Michigan on behalf of the corporations. In addition to the on-going 'transactions' involving the duplication of [plaintiff] Brake Shop's processes and know-how, the Daceys contracted with Michigan corporations for the purchase of automobile parts for Brake World. Furthermore, the Daceys actively recruited Brake Shop employees in Michigan to move to California to assume positions with Brake World. . . . These activities took place over several months, commencing no later than January [ ] 1990[ ] and concluding no sooner than December [ ] 1991.

Plaintiffs' resp. at 4–5. Plaintiffs attached to their response the affidavits of Anthony Toscano, Jr. and Salvatore Toscano to support the above allegations. The Toscanos testify that while they were employed by the Daceys in the Michigan franchises, the Daceys recruited them move to California to work for defendant Brake World. Both testify that they left Michigan for San Diego, California, on May 28, 1990, and that they took with them brake lathes, hoists, floor jacks, and various auto parts for use by defendant Brake World in California.

Anthony Toscano, Jr. aff. at 3–4; Salvatore Toscano aff. at 2.

Plaintiffs response further states that defendant Brake World was incorporated in California on June 29, 1990, that Brake World U.S.A. was incorporated in Florida on November 26, 1990. Plaintiffs' resp. at iv. Because the corporate defendants did not yet exist at the time of the activities to which the Toscanos attest, they could not have been carrying on "a continuous and systematic part of [their] general business" within the state of Michigan. Thus, this court has no general personal jurisdiction over the corporate defendants.

■ The court also finds that it lacks limited personal jurisdiction over the corporate defendants. Again, plaintiffs have failed to put forth any evidence that the corporate defendants transacted any business within Michigan, did or caused any act to be done or consequences to occur in Michigan which resulted in an action for tort, or entered into a contract for services to be performed or for materials to be furnished in Michigan by the corporate defendants. Mich.Comp.Laws Ann. § 600.-715. All of the allegations supported by the affidavits concerned activities prior to the dates of incorporation of the corporate defendants. Thus, this court lacks limited personal jurisdiction over Brake World and Brake World U.S.A.

Plaintiff has attempted to prove that this court has personal jurisdiction over the corporate defendants by citing California and Florida substantive laws regarding a corporation's liability when ratifying acts performed by its officers prior to incorporation. Plaintiff's resp. at 7. Such an analysis is misplaced in a motion to dismiss for lack of personal jurisdiction.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that defendants Brake World, Inc. and Brake World U.S.A., Inc.'s motion to dismiss for lack of personal jurisdiction is GRANTED.