The BRAKE SHOP, INC.; The Brake Shop Land Company, Inc.; and Michael J. Palazzolo, Plaintiffs,

v.

John A. DACEY, Jr.; Daniel H. Dacey; Brake World, Inc.; and Brake World U.S.A., Inc., jointly and severally, Defendants.

Civ. A. No. 92–70470.

United States District Court, E.D. Michigan, S.D.

Sept. 13, 1993.

Stephen M. Landau, Southfield, MI, for plaintiffs.

William L. Kiriazis, Vandeveer Garza, P.C., Detroit, MI, Anthony J. Caputo, San Diego, CA, for defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

GADOLA, District Judge.

On July 7, 1992, this court granted defendants Brake World, Inc. and Brake World U.S.A., Inc.'s motion to dismiss for lack of personal jurisdiction 793 F.Supp. 154. Plaintiffs have since moved for reconsideration of this court's decision pursuant to LR 7.1(h)(3) (Jan. 1, 1992).

On November 18, 1992, defendant Brake World U.S.A. filed a petition of bankruptcy under Chapter 11 in the United States Bankruptcy Court in the Middle District of Florida. Under 11 U.S.C. § 362, the action against Brake World U.S.A. is automatically stayed and this court will take no further action on this case with regard to this particular defendant.

The court will deny plaintiffs' motion for reconsideration for the reasons discussed below. Because this is a case of first impression in the Sixth Circuit, the court will more fully examine the issues involved than would normally be necessary in a denial of a motion for reconsideration.

## I. Background Facts

Plaintiff The Brake Shop, Inc. and defendants Brake World and Brake World U.S.A. are all businesses involved in the repair and replacement of brakes. Plaintiff The Brake Shop is a Michigan corporation that operates in Michigan and twelve other states. Defendant Brake World is a California corporation operating exclusively in California; defendant Brake World U.S.A. is a Florida corporation operating exclusively in Florida. In addition to the two corporate defendants, plaintiffs have named two individual defendants, John A. Dacey, Jr. and Daniel H. Dacey.

The gravamen of plaintiffs' complaint against the two corporate defendants is that they wrongfully duplicated the corporate plaintiff's franchise operation. Complaint at 6–7. The individual defendants are alleged to have violated confidentiality provisions in their contracts with plaintiffs. Plaintiffs further allege that "[a]ll of the wrongful duplication by [the corporate defendants] occurred in the State of Michigan." Plaintiffs' resp. at iv.

## II. Applicable Law

It is plaintiffs' burden to establish the existence of personal jurisdiction over defendants. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir.1980). A court must interpret the pleadings and affidavits in the light most favorable to plaintiffs. *Id.*

Michigan's corporate general personal jurisdiction statute, Mich.Comp.Laws Ann. § 600.711, reads in relevant part:

The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation: ·

\* \* \* \* \* \* ·\*

(3) The carrying on of a continuous and systematic part of its general business within the state. ·

*Id.* Michigan's corporate limited personal jurisdiction statute, Mich.Comp.Laws Ann. § 600.715, reads in relevant part:

The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:

(1) The transaction of any business within the state.

(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

\* \* \* \* \* \*

(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

*Id.* The reach of the Michigan long-arm statute is limited by the due process clause of the Fourteenth Amendment. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

## III. Analysis

In the July 7, 1992 order, this court found that it lacked both general and limited personal jurisdiction over defendant Brake World under the Michigan long arm statute. In their motion for reconsideration, plaintiffs contend that the court does have general personal jurisdiction over the corporate defendants because the individual defendants were promoters of the corporate defendants who conducted business in Michigan on their behalf. Plaintiffs claim that the Daceys engaged in duplication activity, purchased car parts for Brake World, and recruited Brake

Shop employees for Brake World. These activities took place within Michigan from January 1990 until December 1991.

Plaintiffs attached to their response to the motion to dismiss the affidavits of Anthony Toscano, Jr. and Salvatore Toscano to support the above allegations. The Toscanos state that while they were employed by the Daceys in the Michigan franchises, the Daceys recruited them to move to California to work for defendant Brake World. Both allege that they left Michigan for San Diego, California, on May 28, 1990, and that they took with them brake equipment and auto parts for use by defendant Brake World in California. Brake World was incorporated in California on June 29, 1990.

In the July 7, 1992 order, the court relied on the fact that the corporate defendants did not exist at the time of the activities in question. Because the corporate defendants did not yet exist at the time of the activities to which the Toscanos attest, they could not have been carrying on "a continuous and systematic part of [their] general business" within the state of Michigan. Thus, this court has no general personal jurisdiction over defendant Brake World.

The court also found that it lacked limited personal jurisdiction over Brake World. Plaintiffs have failed to put forth any evidence that the corporate defendants transacted any business within Michigan, did or caused any act to be done or consequences to occur in Michigan which resulted in an action for tort, or entered into a contract for services to be performed or for materials to be furnished in Michigan by the corporate defendants. Mich.Comp.Laws Ann. § 600.715. All of the allegations supported by the affidavits concerned activities prior to the date of incorporation of defendant Brake World. On this basis, the court found that it lacked limited personal jurisdiction over Brake World.

Plaintiffs now argue that this court failed to take into consideration some case law finding jurisdiction over a corporation for the activities of its promoters. In their motion for reconsideration, plaintiffs cite *Rees v. Mosaic Technologies, Inc.*, 742 F.2d 765 (3d Cir.1984) to support their contention that the

ratified activity of a promoter is sufficient to establish personal jurisdiction. In *Rees*, the Third Circuit construed the Pennsylvania long arm statute to reach a corporation that had ratified contracts entered into by its promoter. Enforcement of those ratified contracts was at the center of the dispute in *Rees*. In this case, however, plaintiffs complaint concerns contracts between the individual defendants and the plaintiffs. The individual defendants had previously been franchisees of the plaintiffs. They are alleged to have breached the franchise agreements. These contracts were never ratified and were never entered into by defendant Brake World.

Plaintiff has attempted to prove that this court has personal jurisdiction over Brake World by citing California substantive law regarding a corporation's liability when ratifying acts performed by its officers prior to incorporation. Plaintiff's resp. at 7. Such an analysis is misplaced in a motion to dismiss for lack of personal jurisdiction. Liability under California law is a completely separate issue from the exercise of personal jurisdiction under Michigan law.

The fact remains that defendant Brake World did not exist when the acts alleged by the plaintiffs took place. As a result, this court has neither general nor limited jurisdiction under Michigan law. Exercise of jurisdiction is also not warranted because Brake World lacks the minimum contacts with Michigan required by due process. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Plaintiffs have failed to show "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). Defendant Brake World operates exclusively in California. It does not conduct business in Michigan. The individual defendants in this case entered into contracts in Michigan in order to become licensees of the plaintiffs. These contracts do not constitute purposeful availment by Brake World of the privileges of conducting business in Michigan. A company that did

not exist and that did not later acquiesce cannot be said to have reasonably anticipated being haled into court in Michigan. Thus, it would violate the dictates of due process to exercise jurisdiction over defendant Brake World.

Even if ratified preincorporation activity could support jurisdiction, this court would still not have the power to bring Brake World into this forum. The plaintiffs have made no showing that Brake World ever ratified any of the contract violations that the individual defendants are alleged to have committed. Furthermore, there is no support for the claim that the individual defendants were serving as promoters of Brake World when they acted within Michigan.

 Under LR 7.1(h)(3) (E.D.Mich. Jan. 1, 1992), plaintiffs can only succeed on their motion for reconsideration if they "demonstrate a palpable defect by which the Court and the parties have been misled" that, if corrected, would have dictated a different disposition of the case. Furthermore, a motion for reconsideration that "merely present[s] the same issues ruled upon by the Court" shall not be granted. *Id.* In their motion, plaintiffs merely revisit the issue of promoter's preincorporation activity with the addition of some contrary persuasive authority. As a consequence, the court stands by its previous order based on the reasoning more fully articulated in this order.

### ORDER

Therefore, it is hereby **ORDERED** that plaintiffs' motion for reconsideration of this court's dismissal of defendant Brake World, Inc. for lack of personal jurisdiction is **DENIED**. Plaintiffs action against defendant Brake World U.S.A., Inc. is **STAYED**, pending notification from the United States Bankruptcy Court for the Middle District of Florida.

**SO ORDERED.**